Filed
8/21/2019 5:33 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

2019DCV-4177-B
CAUSE NO. _____

| | | |
|---|---|---|
| MELISSA 'MAISIE" CARTER, and<br>DOUGLAS CARTER | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | NUECES COUNTY, TEXAS |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY | § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, PLAINTIFFS Melissa "Maisie" Carter and Douglas Carter, complaining of State Farm Mutual Automobile Insurance Company (hereinafter sometimes referred to as "Defendant" or "Defendant State Farm") and for cause of action would respectfully show unto the Court the following;

### I.

### PARTIES

1. Plaintiff Melissa "Maisie" Carter is an individual who resides in Nueces County, Texas.

2. Plaintiff Douglas Carter, is an individual who resides in Nueces County, Texas.

3. Defendant State Farm Mutual Automobile Insurance Company "State Farm' is an insurance carrier, authorized to conduct the business of insurance in Texas. Defendant State

1

Farm may be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas, or other such place they may be found.

## II.

## DISCOVERY LEVEL

4. In accordance with Texas Rule of Civil Procedure 190.3, discovery in this case should be conducted in Level Two.

## III.

## VENUE & JURISDICTION

5. Venue is proper in Nueces County for the reason that the cause of action arose, in whole or in part, in Nueces County, Texas. This Court has jurisdiction because Defendants are doing business in the State of Texas and they have minimum contacts sufficient to comply with Due Process. Further, the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6. Plaintiffs' claims are brought solely under Texas law, and Plaintiff states that they do not bring any claims and disclaim any and all claims under any federal laws, statutes, or regulations.

7. To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of RULE 28, TEXAS RULES OF CIVIL PROCEDURE, and Plaintiffs hereby demand that upon answering this suit, that Defendant answer in its correct legal name and/or assumed name.

## IV.

## FACTS

8. It has become necessary to institute this action because of injuries sustained by Plaintiffs, as a result of unfair and unconscionable business practices perpetrated by Defendant State Farm. This dispute involves Defendant State Farm's multiple breaches of good faith and fair dealing arising from their mishandling of a first-party claim made by Plaintiffs.

9. It is undisputed that Douglas Wayne Carter had applied for and began paying the premiums for State Farm Auto Policy Number 65 9589-A11-53V, under which Maisie Carter was a covered driver/insured. It is also undisputed that this policy contained UM/UIM ("uninsured/ underinsured") "Bodily Injury" coverage of $30,000.00 per person. It is undisputed as well, that to date, State Farm has refused to honor the contractual obligation owed to Plaintiffs as their insureds in a number of respects due to State Farm's violative actions, inactions, disregard, and omissions in the reckless handling of her claim.

10. It is undisputed that on September 1, 2015, Maisie Carter was driving on Everhart Road in Corpus Christi, Nueces County, Texas. As the car she was driving approached the intersection with McArdle Road, traffic stopped as the light at the intersection was red. Ms. Carter came to a stop for the red light. While she was stopped and waiting at the red light, her car was suddenly and unexpectedly struck from behind. It is undisputed, at all times relevant herein, that the stretch of road wherein the collision occurred allowed for a completely unobstructed view.

11. As was determined by State Farm, it is undisputed that this incident was caused by the negligent driver striking the back of Ms. Carter's car. Further, it is undisputed as well that

3

the policy limits of the negligent driver were $30,000.00. Which are limits of liability insurance stated in the UM/UIM portion of Plaintiffs' policy with Defendant State Farm – and – more significantly, are not sufficient to cover Plaintiff's medical expenses (past and future), and compensate them for their pain and suffering, mental anguish, and other non-economic damages detailed herein. As such, and undisputed as well, this negligent driver was in all respects an uninsured/underinsured motorist, as that term is defined by the laws and statutes of the State of Texas as well as the State Farm Auto Policy Number 65 9589-A11-53V covering Maisie Carter on September 1, 2015. Although the claim was submitted in proper form and within the time specified in the insurance policy, State Farm failed to timely act on behalf of Ms. Cater in resolving her claim. There was and is no justifiable basis for this failure and intentional disregard for the rights and duties owed to Ms. Carter.

12. As a direct and proximate result of the collision, Plaintiff Maisie Carter sustained severe injuries to her back when her car was struck that day. These injuries to her back were proximately caused by the negligent acts and/or omissions of the driver of the other automobile resulting in the collision at issue in this litigation.

13. At all times relevant to this lawsuit, Plaintiffs had in force and effect, a policy of insurance written and provided by Defendant State Farm Auto Policy Number 65 9589-A11-53V covering Maisie Carter on September 1, 2015, which provided liability insurance, auto medical payments, uninsured motorist protection, and underinsured motorist protection benefits protecting Plaintiffs against loss caused by bodily injury and property damage resulting from the ownership, maintenance, or use of an uninsured and/or underinsured motor vehicle.

4

**V.**

**CLAIM FOR UNINSURED/UNDERINSURED BENEFITS**

14. Accordingly, Plaintiffs properly notified Defendant State Farm regarding the automobile collision made the basis of this lawsuit, the amount of the negligent "underinsured" driver's policy limits, as well as notifying Defendant of Plaintiffs uninsured/underinsured motorist claim. As such, Plaintiffs filed and gave notice of such claim, under the uninsured/underinsured motorist portion of the policy, Number 65 9589-A11-53V. This notice of claim was made on April 9, 2018. Further, Plaintiff took reasonable steps after the loss to restore herself back to health by obtaining and receiving medical attention and treatment – of which Defendant was notified of – specifically.

15. On April 11, 2019, Defendant State Farm gave Plaintiffs permission to settle with the negligent underinsured driver for the policy limits covering the negligent underinsured driver. These policy limits were far less than the actual damages sustained by Plaintiff in the past – both economic and non-economic. As instructed and authorized by Defendant State Farm, Plaintiffs settled with the negligent underinsured driver for the policy limits of $30,000.00 in place covering the negligent underinsured driver.

16. On October 27, 2018, Plaintiffs presented their formal Demand to Defendant State Farm. This letter clearly outlined and the Plaintiffs past medical treatment and cost (economic damages) as well as outlining the Plaintiffs future economic damages (future medical treatment – as specifically outlined by her treating doctor with causation and cost explained in detail). These economic costs attributable to the collision with the negligent underinsured driver exceeded $120,000.00 – an amount vastly in excess of the policy limits of the unnamed

5

Defendant and vastly in excess of the $30,000.00 policy limits under Plaintiffs UM/UIM policy with this Defendant. This Demand Letter also provided the requisite Notice for Attorney's Fees pursuant to Section 38.001, et seq., of the TEXAS CIVIL PRACTICE & REMEDIES CODE – as well as for other statutory remedies that Plaintiffs would seek if the claim was not settled properly.

17. On November 9, less than two weeks after receiving the Demand and supporting documentation, Defendant made an offer to settle the claim for $3,500.00 – $26,500.00 less than the policy that was demanded and done with a conscious and intentional disregard for Plaintiffs' injures, treatment – past and future, well-being, health, with intentional disregard for Plaintiff's past economic damages and, most disturbing, in complete disregard and with an intentional indifference for the future treatment outlined and explained as medically necessary by Plaintiffs treating doctor.

18. Despite numerous telephone conversations, faxes, and letters, Defendant State Farm has, and to date continues to, unfairly delay properly processing Plaintiffs' claim. Defendant State Farm has not attempted to settle Plaintiffs' claim when liability was reasonably clear. This failure to properly attend to Plaintiffs' claim appears calculated to unfairly take advantage of Plaintiffs solely for the benefit of Defendant State Farm. Defendant also raised Plaintiffs' insurance rates unreasonably and excessively in retaliation for filing a legitimate claim. These and other acts or omissions proximately caused Plaintiffs damage, to wit:

## VI.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

19. Plaintiffs hereby incorporate by reference paragraphs 1 through 18 herein.

20. At all times material to this cause, Plaintiffs had an insurance agreement, constituting a contract, with Defendant State Farm. At all times material to this cause, Plaintiffs had performed all conditions precedent with respect to the filing of the insurance claim made the basis of this suit, and such was done so in accordance with the terms and conditions of the policy.

21. Despite receiving proper notice of the claim and having the claim timely and properly filed, Defendant State Farm has failed to timely and properly handle Plaintiffs' claim and/or refused to pay the contractually guaranteed benefits to Plaintiffs despite liability being reasonably clear; despite having the names of the healthcare providers that treated Plaintiff; and with an intentional disregard for the medical records and directives form Plaintiff's doctor concerning her injuries sustained as approximate result of this collision and the need for future treatment/surgery for such.

22. Defendant State Farm's absolute refusal to timely comply with the contract and its refusal to honor and pay the entitled benefits to Plaintiffs, for injuries sustained in the past and in the future, constitutes a breach of the written insurance policy, as that term is defined and applied under the laws and statutes of the State of Texas.

23. Defendant State Farm has breached material provisions of the contract and the natural, probable and foreseeable results of the breach(es) have caused damages, both past and

future, to the Plaintiffs. Accordingly, suit is brought for the recovery of those damages plus reasonable attorney's fees pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001, et seq.

### B. *UNFAIR SETTLEMENT PRACTICES*

24. Plaintiffs hereby incorporate by reference paragraphs 1 through 23 herein.

25. The Texas Insurance Board has also adopted rules and regulations which prohibit unfair practices and misrepresentation of insurance policies. Violations of these rules and regulations also provide bases for causes of action pursuant to the Texas Insurance Code § 541.060(a)(2)(A) and (7). Additionally, and/or alternatively, without waiving the above and foregoing, Plaintiffs will show that Defendant State Farm failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

26. On October 27, 2018, Plaintiffs made a modest demand for the limits of their UM/UIM Policy – which, as stated, is $30,000.00. In response to Plaintiff's Demand and despite the documented economic damages (past and future) and with an absolute disregard for the non-economic damages (past and future) Defendant State Farm responded with an arbitrary and deficient settlement offer of $3,000.00 – in complete disregard of the dictates of Texas law and the subject policy

27. Defendant State Farm's failure to make a reasonable offer violated the Texas Insurance Code by engaging in an unfair and deceptive course of conduct which precluded Plaintiffs from receiving a recovery for their uninsured motorist claim herein made in a timely

8

manner. Specifically, Plaintiffs assert that Defendant failed to provide Plaintiffs with insurance coverage as required by the terms of the Policy.

28. When this case is tried, the evidence will also show that Defendant State Farm has violated the following rules and regulations of Texas Insurance Code and the Board:

   a. Misrepresenting to the Plaintiffs the pertinent facts or policy provisions relating to coverage(s) - §541.060 (a)(1);

   b. That Defendant State Farm failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs claims submitted in which liability had become reasonably clear - §541.060 (a)(2)(A);

   c. Failing to adopt and implement reasonable standards for prompt investigation of claims and/or refusing to pay Plaintiffs' claim without conducting a reasonable inspection - §541.060 (a)(7);

   d. Refusing to pay claims without conducting a reasonable investigation based upon all available information- §541.060 (a)(7);

   e. Plaintiffs further would show that Defendant discriminated against Plaintiffs by charging a premium in excess of the normal premium charged for persons in the same class and hazard as Plaintiffs in retaliation for filing a claim under its uninsured motorists coverage- §541.060 (a)(1);

   f. Plaintiffs further would show Defendant failed to promptly give Plaintiffs a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the Defendants offer of a compromised settlement on Plaintiffs' claim- §541.060 (a)(3); and

   g. Knowingly and intentionally committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of §541.002.

29. All of the above-referenced violations of the Insurance Board rules and regulations also constitute false, misleading, or deceptive acts or practices in the conduct of insurance by Defendant State Farm in this case and are therefore actionable under both §541 AND

9

§542 of the TEXAS INSURANCE CODE and the Texas Deceptive Trade Practices Act ("TDTPA" herein), for which the Plaintiffs bring suit in this case.

### C. *VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT*

30. Plaintiffs hereby incorporate by reference paragraphs 1 through 29 herein.

31. At all times material to this cause, the Plaintiffs have standing as a "consumer" under the terms of both the DECEPTIVE TRADE PRACTICES ACT (TDTPA) (TEX. BUS. & COM. CODE ANN. 17.45(4)) and both §541 AND 542 of the TEXAS INSURANCE CODE.

32. The TDTPA and both §541 AND 542 of the TEXAS INSURANCE CODE "...shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices... ." In that regard, Defendant State Farm has been guilty of the following false, misleading and/or deceptive acts or practices with respect to the handling and denial of the Plaintiffs claim, specifically:

    a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person, has sponsorship, approval, status, affiliation, or connection which he does not - TEX. BUS. & COM. CODE ANN. 17.46(b)(5);

    b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model if they are of another - TEX. BUS. & COM. CODE ANN. 17.46(b)(7);

    c. Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve - TEX. BUS. & COM. CODE ANN. 17.46(b)(12);

    d. Breach of express or implied warranties - 17.50(a)(2);

10

  e. That the acts or omissions complained of were unconscionable - 17.50(a)(3);

  f. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services - TEX. BUS. & COM. CODE ANN. 17.46(b)(2); and

  g. Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed - 17.46(b)(24);

33. Each of the above and foregoing "laundry list" of violations by Defendant State Farm constitutes actionable conduct by Defendant State Farm in violation of the TDTPA and ART. 21.21 of the TEXAS INSURANCE CODE for which the Plaintiffs bring suit in this case.

34. All of the "laundry list" of violations of the DTPA, and §541 AND §542 of the TEXAS INSURANCE CODE were committed "knowingly" by Defendant State Farm, as that term is defined and applied under the laws and statutes of the State of Texas. Defendant State Farm has intentionally and knowingly failed to pay the Plaintiffs claims, both in the past and currently, in accordance with the terms of the policy.

35. As a direct and proximate result of Defendant State Farm's violations of the TDTPA, TEXAS INSURANCE CODE §541 AND §542, and the Texas Insurance Board's rules and regulations, the Plaintiffs have suffered actual damages for which they bring suit. Since Defendant State Farm acted intentionally and knowingly in committing one or more of the violations of the DTPA and TEXAS INSURANCE CODE §541 AND §542, Defendant State Farm is liable to the Plaintiffs for three times the actual damages, for which they also bring suit. Further, as direct result of Defendant State Farm's fraudulent and deceptive conduct, Plaintiffs have been

11

forced to retain the undersigned counsel to file this lawsuit. Pursuant to TEX. BUS. & COM. CODE ANN. 17.50(D), Plaintiffs are entitled to recover attorney's fees that are reasonable and necessary for the preparation and trial of this cause as well as reasonable and necessary fees for appellate services expended in connection of this suit.

### D.   *VIOLATION OF THE TEXAS INSURANCE CODE §542.051 – §542.061.*

36. Plaintiffs hereby incorporate by reference paragraphs' 1 through 35 herein.

37. Defendant State Farm also violated TEXAS INSURANCE CODE §542 by failing to comply with the prompt payment requirements of the Code. It is undisputed that the Plaintiffs timely and properly notified Defendant State Farm of their claim. It is undisputed as well that Defendant State Farm did not timely investigate, or request information about the claim. It is also undisputed that the requisite and prescribed time period passed without Defendant State Farm accepting, rejecting, and/or properly the claim. Therefore, Defendant State Farm has violated that particular section of the TEXAS INSURANCE CODE, entitling the Plaintiffs to recover not only the amount of the claim, but in addition, the sum of eighteen percent (18%) per annum of the amount payable under the policy, together with the reasonable attorney's fees which they have incurred with regard to legal representation in this action against Defendant State Farm, for which suit is also brought.

### E.   *BREACH OF FIDUCIARY DUTY, DUTY OF GOOD FAITH AND FAIR DEALING, and NEGLIGENCE OF DEFENDANT STATE FARM*

38. Plaintiffs hereby incorporate by reference paragraphs 1 through 37 herein.

39. A special relationship existed between Plaintiffs and State Farm, as insured and insurer, which under Texas law gives rise to a fiduciary relationship. Further, such relationship,

12

under the laws of the State of Texas, obligates State Farm to a common law duty of good faith and fair dealing when dealing with the claim(s) of insureds such as Plaintiffs. Defendant State Farm has knowingly and intentionally, through its acts and omissions, breached these duties owed to these Plaintiffs as their insureds. As such, Defendant State Farm, through its acts and omissions, has acted in "Bad Faith" as that term is defined, understood, and applied under the laws and statutes of the State of Texas. As a direct or proximate result of such, Plaintiffs have been injured.

40. Further, the evidence will show upon the trial of this case that Defendant State Farm was negligent in its investigation and handling of Plaintiff Maisie Carter's claim and that such negligence proximately caused Plaintiffs resulting injuries and damages.

41. By reason of Defendant State Farm's violations of its common law duty of good faith and fair dealing with the Carters, as Plaintiffs, as well as Defendant State Farm's negligence, Plaintiffs have suffered actual damages for which they bring suit. Further, since Defendant State Farm's breach of its duty of good faith and fair dealing arises out of Defendant State Farm's failure to timely and properly investigate and pay the claim, the Plaintiffs are also entitled to recover from Defendant State Farm their attorney's fees, for which they also bring suit.

## VII.

## DAMAGES

42. Plaintiffs hereby incorporate by reference paragraphs 1 through 41 herein. Plaintiffs seek damages as specifically enumerated in the above listed sections of this Original Petition.

13

43. In addition to those damages specifically enumerated above, upon a trial of this case, it will be shown that Plaintiffs were caused to sustain damages as a result of the Defendant's acts or omissions; and Plaintiffs would respectfully request the Court and Jury to determine the amount of the loss Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of freedom from worry. There are certain elements of damages, provided by law, that Plaintiffs are entitled to have the Jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for the damages and losses incurred and to be incurred. From the date of the occurrences in question until the time of the trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiffs as follows:

A. Actual damages:

    a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff MAISIE CARTER, for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in Nueces County, Texas;

    b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Mental anguish in the past;

14

   e. Physical impairment in the past;

   f. Physical pain and suffering in the future;

   g. Mental anguish in the future;

   h. Physical impairment which, in all reasonable probability, will be suffered in the future

B. Attorneys fees that are reasonable and necessary;

C. Statutory damages from Defendants in the amount of 18% per annum of the amount of the claim under TEX. INS. CODE §542.054;

D. Pre-judgment interest at the maximum rate allowed by law;

E. Post-judgment interest at the maximum rate allowed by law;

F. Costs of court; and

Such other damages to which Plaintiffs may show themselves to be justly entitled.

44. Because of all of the above and foregoing, your Plaintiffs have been damaged, and will be damaged in a sum well in excess of the minimum jurisdictional limits of this Court.

## VIII.

## PUNITIVE DAMAGES

45. Plaintiffs hereby incorporate by reference paragraphs 1 through 44 herein.

46. As set forth in this petition, Defendant State Farm's acts and omissions in refusing to timely and properly handle and investigate the Plaintiffs claims were committed willfully, intentionally, knowingly, and maliciously, as those terms are defined and applied under the laws and statutes of the State of Texas. Because of that fact, when this case is tried, the Plaintiffs will seek the recovery of punitive or exemplary damages in a sum to be awarded in the sole discretion

of the trier of fact for which recovery is also sought against Defendant State Farm in this case. By this, the Plaintiffs do not seek the recovery of punitive damages that in any way exceed the pertinent laws and statutes of the State of Texas, but only for that sum which has been found to be constitutionally recoverable pursuant to the laws and statutes of the State of Texas for which recovery is sought specifically in this case.

## IX.

## ATTORNEY'S FEES

47. Plaintiffs hereby incorporate by reference paragraphs 1 through 46 herein.

48. As a result of Defendant's wrongful conduct, Plaintiffs were required to engage the services of the undersigned attorney to prosecute this case. Accordingly, Plaintiff's are entitled to recover their attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001 and TEX. INS. CODE §542. Such attorney's fees at the time of filing this Original Petition, including the investigation of the UM/UIM claim, presentment of claim, and Demand for payment under the UM/UIM Policy at issue – to date are close to $10,000.00.

## X.

## APPLICATION FOR TRIAL BY JURY

49. In accordance with the provisions of the Texas Rules of Civil Procedure, Plaintiffs hereby formally make this demand: and application for a jury trial in this cause of action.

## XI.

### REQUEST FOR DISCLOSURE

50. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose within 50 days of service of this request, the information or material described in rule 194.2.

## XII.

### NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

51. Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs herby give notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial and/or trial of this matter without the necessity of authenticating the documents.

### PRAYER

52. **WHEREFORE, PREMISES CONSIDERED,** your Plaintiffs pray that the Defendant be cited to appear and answer herein and that upon final trial, Defendant be held liable and Plaintiffs have a judgment against the Defendant, for the damages as specified above, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, attorney's fees, punitive

damages, and for such other and further relief to which Plaintiffs may be justly entitled under the facts and circumstances – in law or in equity.

Respectfully submitted,

**LAW OFFICE OF GENE GARCIA**

*Gene A Garcia*
Gene A. Garcia
TBN: 07634500
5151 Flynn Parkway, Suite 302
Corpus Christi, Texas 78411
Tel: 361-883-8651; Fax: 361-228-8392
Gene@genegarcialaw.com

**THE RIBBECK LAW FIRM, P.L.L.C.**

*/s/Craig K. Ribbeck*
Craig Ribbeck
State Bar No. 24009051
811 Wild Valley
Houston, Texas 77057
PH:   (713) 621-5220
FAX: (713) 572-1507
Craig@Ribbecklawfirm.com

**ATTORNEYS FOR PLAINTIFFS**